UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARQUITA FORREST, )
 )
    Plaintiff, ) Civil Action No. 3:18-CV-588-CHB
 )
v. )
 ) **MEMORANDUM OPINION**
MARGARET TIMMEL *et al.*, )
 )
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of Plaintiff Marquita Forrest's *pro se*, *in forma pauperis* complaint (DN 1) and amended complaint (DN 10) pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**

In the complaint (DN 1), Plaintiff, who indicates that she is a citizen of Kentucky, asserts jurisdiction based on diversity of citizenship. She also alleges a violation "of ADA"[1] as a basis for federal question jurisdiction. As Defendants, she names Margaret Timmel, "eldcare atty" and citizen of Indiana; Regina Johnson, "c/o guardian" with a Kentucky address; Patricia Ballard and TeJuan Johnson, "investigator[s]" on "Court Ave. Jeff Clark IN"; and "Circuit Court 1 Clark Co. court reporter Judge, staff," also on "Court Ave." in Indiana.

As the statement of claim in the complaint, Plaintiff writes, "Guardian ad liem, guardian of person & estate faud placed in nursing hm. & monies taken from S.S.I (supplementary

---

[1] Presumably standing for the Americans with Disabilities Act.

income) & lawsuit Margaret Timmel filed and railroaded to group hm. Dillion Forrest 21 at the time now 26 has mild C.P. & is functional disabled who lived independently."

As relief in the complaint, Plaintiff seeks "1 million ea." and "return Dillion Forrest to Self or family honor ADA & return of monies, release of guardianship of Dillion Forrest person estate & attorney."

Plaintiff's amended complaint (DN 10) is identical to her original complaint. She adds, however, an attachment to the amended complaint naming the following Indiana persons/entities as additional Defendants: Jeffersonville Police Dept.; Charlestown Police Dept.; Clarksville Police Dept.; Bureau of Development Disabilities; Michaels' Place Gardenvilla; New Hope Services; Clark Memorial Hosp.; Paula Cecil, intake officer; Jessica Richards, "Atty."; "St. rep, St. sen. gov & lu. gov"; Meadows of Greentree Apts.; Rescare; and "F.B.I. New Albany." Plaintiff provides no facts involving these new Defendants.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint and amended complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes[.]". *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

### III.

The complaint and amended complaint are not a model of clarity. Plaintiff seeks to invoke both diversity and federal question jurisdiction. She does not specify claims she seeks to bring under the diversity statute, and it is doubtful whether she has met the requirements for invoking this Court's diversity jurisdiction since she indicates that both she and Defendant Johnson are in Kentucky. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). As to federal question jurisdiction, Plaintiff alleges violation of the ADA.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. Neither the complaint nor the amended complaint contains sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to any claims against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544), and the pleadings are simply too vague and sparse to state a cause of action under any legal theory. Plaintiff, therefore, fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2) and fails to state a claim upon which relief may be granted, warranting dismissal of any claims she has attempted to bring.

Further, it appears that Plaintiff may be attempting to assert claims, as broad and nebulous as they may be, on behalf of Dillion Forrest. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein" (emphasis added). "[T]hat statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (indicating that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). As Plaintiff is not licensed to practice law, she cannot bring claims on behalf of Dillion Forrest.[2] Accordingly, the Court will dismiss without prejudice any claims that Plaintiff may be attempting to bring on Dillion Forrest's behalf.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: July 18, 2019

                                             *Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.005

---

[2] Moreover, Plaintiff alleges that Dillion Forrest is an adult and previously lived independently, and she makes no assertion that he cannot represent his own interests or seek counsel should he want to bring his own action.